IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>MITEK SYSTEMS, INC.,<br><br>       Defendant. | Case No. 1:22-cv-00349 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Mitek Systems, Inc. ("Mitek"), through counsel, hereby remove this case from the Circuit Court of Cook County, Illinois to the U.S. District Court for the Northern District of Illinois, Eastern Division. In support of removal, Mitek states as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). This is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2. Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, where Plaintiff filed this action. *See* 28 U.S.C. §§ 93(a)(1), 1442(a).

## STATE COURT ACTION

3. On December 16, 2021, Plaintiff Joshua Johnson ("Plaintiff") filed a putative Class Action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (Case No. 2021-CH-06319), alleging that Mitek violated Illinois's Biometric Information Privacy Act ("BIPA"), 740 ILCS 41/1, *et seq*. See **Exhibit A**, attached hereto.

4. Plaintiff alleges that Mitek "collects, stores, disseminates and uses individuals' biometrics through its invasive facial recognition program." Ex. A, Compl. ¶ 13.

5. Plaintiff alleges Mitek violated BIPA by collecting "the facial geometry of its clients' customers in Illinois without first obtaining those individuals' informed written consent and informing them how long it intends to keep such biometric data, as required by BIPA." *Id.* ¶ 14.

6. On behalf of themselves and the putative classes, Plaintiff seeks: (1) injunctive relief in the form of an order "requiring Mitek to comply with the BIPA disclosure, consent, and policy positing requirements" of biometrics; (2) statutory damages of $5,000.00 per willfull or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) and statutory damages of $1,000.00 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1)"; and (3) "reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)." *Id.* ¶¶ 18, 50, 51.

7. Plaintiff requests, on behalf of herself and the class, an order awarding: injunctive relief by requiring Mitek to comply with BIPA; statutory damages for each of Mitek's alleged BIPA violations, pursuant to 740 ILCS 14/20; and reasonable litigation expenses and attorneys' fees. *Id.* at p. 12–13.

8. On December 22, 2021, Plaintiff served a copy of the Class Action Complaint and Summons on Mitek. See **Exhibit A**.

9. On December 21, 2021, Plaintiff filed a Motion for Class Certification or, Alternatively, For A Deferred Class Certification Ruling Pending Discovery. No further

proceedings have occurred in the state court action. *See* **Exhibit B**, attached hereto (Cook County Clerk of the Circuit Court, Electronic Docket Search, Court Docket for Case Number 2021-CH-06319 (January 15, 2022)).

## TIMELINESS

10. Removal is timely because Mitek was served with the Complaint on December 22, 2021. The removal statute requires a defendant to file a notice of removal no later than 30 days after service, so removal is timely. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

11. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). Under CAFA, district courts have original jurisdiction over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

### CLASS SIZE

12. Plaintiff has filed a class action complaint and purports to represent a "class" of individuals pursuant to 735 ILCS 5/2-801 *et seq. See* Ex. A ¶ 50. Therefore, this action is properly considered a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(B).

13. The class Plaintiff seeks to represent includes more than 100 members. The proposed class includes "[a]ll individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant or its technology within the state of Illinois any time within the applicable limitations period." Ex. A ¶¶ 34-41.

14. Plaintiff alleges that Mitek implemented a face scanning program for identification purposes, *id.* ¶¶ 17, 36, and that Mitek has captured what likely amounts to hundreds of persons

3

within the state of Illinois. *Id*. ¶¶ 5, 13, 17, 23, 27. Based on this allegation alone, it can be reasonably inferred that at least 100 persons in Illinois allegedly had their biometrics captured by Mitek. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[D]efendant may rely on the estimate of the class number set forth in the complaint."). Moreover, Mitek's records indicate that Mitek has conducted more than 10,000 face comparison transactions for individuals with Illinois identity documents in the past five years.[1]

## MINIMAL DIVERSITY OF CITIZENSHIP

15. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

16. Plaintiff resides in and is a citizen of Illinois. *See* Ex. A ¶ 20.

17. Mitek is a Delaware corporation with its principal place of business in California. *Id.* ¶ 19. A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Under CAFA, a corporation is "a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Thus, Mitek is a citizen of Delaware and California for diversity purposes.

18. Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See, e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity under CAFA existed when class representative was Illinois citizen and defendant was Delaware corporation with principal place of business in Arizona).

---

[1] Mitek provides this estimate solely to show that the class proposed by Plaintiff comprises more than 100 members. By providing this estimate, Mitek does not concede that a class should be certified or that Plaintiff's class allegations are legally or factually accurate.

**AMOUNT IN CONTROVERSY**

19. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

20. To demonstrate that the amount-in-controversy requirement is met, Mitek need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014) (defendant's good-faith estimate of amount in controversy is sufficient for removal purposes).

21. Mitek denies the validity and merit of Plaintiff's claims, the legal theories upon which they are based, and that Plaintiff is entitled to any alleged claims for monetary and other relief. Solely for purposes of removal, however, and without conceding that Plaintiff or the putative class are entitled to damages, the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

22. Plaintiff alleges "willful or reckless" violations of BIPA, *e.g.*, Ex. A ¶¶ 50, 51, which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Plaintiff alleges that Mitek has collected "the biometrics of hundreds of people within the state of Illinois." Ex. A ¶ 17. Thus, based solely on the Complaint's allegations (which Mitek denies), if each biometric scan is considered one "violation" of BIPA, and if there are only 1,001 members of the class (in

5

reality, there are likely many more, as noted above), recovery of greater than $5 million is legally possible (*i.e.*, 1,001 biometric collections x $5,000 statutory damages = $5,005,000.0.).[2] *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation omitted).

## NOTIFICATIONS

23. Mitek will promptly provide written notice to Plaintiff, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

24. Mitek will file a copy of its Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

25. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and Mitek reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

26. Mitek reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

---

[2] Mitek includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct. Mitek also does not concede that every alleged scan of a person's facial geometry represents a separate violation of BIPA. Moreover, in providing this estimate of the size of the putative class, Mitek reserves all rights regarding the statute of limitations applicable to claims under BIPA.

6

**CONCLUSION**

For the foregoing reasons, this action is properly removed to this Court.

DATE: January 20, 2022                **MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Scott T. Schutte*
Scott T. Schutte
Gregory T. Fouts
Michael W. Fakhoury
Benjamin U. Kabe
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
T: (312) 324-1773
F: (312) 324-1001
scott.schutte@morganlewis.com
gregory.fouts@morganlewis.com
michael.fakhoury@morganlewis.com
benjamin.kabe@morganlewis.com

*Counsel for Defendant Mitek Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of January, 2022, I caused a true and correct copy of the foregoing **Notice of Removal** to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

Eugene Y. Turin
Timothy P. Kingsbury
Andrew T. Heldut
Colin P. Buscarini
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

/s/ *Scott T. Schutte*
Scott T. Schutte