# Exhibit A

Hearing Date: 4/19/2022 9:30 AM
Location: Court Room 2301
Judge: Hall, Sophia H

**12-Person Jury**

FILED
12/16/2021 5:55 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06319
Calendar, 14
15992900

FILED DATE: 12/16/2021 5:55 PM    2021CH06319

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| JOSHUA JOHNSON, individually and on behalf of all similarly situated individuals, | ) ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| MITEK SYSTEMS, INC., a Delaware corporation, | ) ) ) |
| *Defendant.* | ) ) |

No. **2021CH06319**

Hon.

## CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Joshua Johnson ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this Class Action Complaint against Defendant Mitek Systems, Inc. ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1.    BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including face scans, voice prints, handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.    This case is about an internet-based identity verification technology company capturing, collecting, storing, using and disseminating Plaintiff's and other consumers' biometric

FILED DATE: 12/16/2021 5:55 PM   2021CH06319

identifiers and/or biometric information without regard to BIPA and the privacy rights that BIPA protects.

3.      In an effort to facilitate identity verification for its customers who require swift onboarding solutions, Defendant collects consumers' biometrics in the form of their facial geometry so it can verify their ages and identities.

4.      Consumers who seek to purchase and/or use services from Mitek's customers are required to undergo Defendant's identity and age-verification process, which involves uploading a photo ID, such as a driver's license or passport. Defendant then requires a photograph featuring the consumers themselves or requires them to otherwise undergo a scan of their facial geometry, often through their cell phone camera (i.e. a "selfie").



**Scan your Driver's License**

1. Make sure your camera permissions are **ON**
2. Place your license on a flat, dark surface.
3. Turn the camera flash **OFF**.
4. Place all 4 corners of your license in the frame.

Take Photo

**Photograph yourself**

1. Take your photo in a well-lit place.
2. Remove your glasses, hat, or accessories.
3. Center your face in the frame
4. Use a neutral facial expression.

Capture Selfie

2

FILED DATE: 12/16/2021 5:55 PM  2021CH06319

5.      Once the photograph is uploaded, Defendant then uses facial recognition technology, which extracts biometric facial geometry templates from the consumers' ID, to compare and match the consumer's face in the photograph to the face appearing on the consumer's photo ID and selfie. This process enables Defendant to conduct both identity verification and age verification on behalf of its clients.

6.      Facial geometry is a unique and permanent biometric identifier associated with each individual. The unauthorized handling of such sensitive information exposes consumers to serious and irreversible privacy risks. If for example, a database containing scans of face geometry or other sensitive biometric data is hacked, breached, or otherwise exposed, consumers cannot simply change their biometric identifiers like they could reset a password or cancel a credit card.

7.      Recognizing that biometrics present unique security concerns, the Illinois Legislature enacted BIPA specifically to regulate companies that collect and store Illinois citizens' biometrics. BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as facial geometry, or any biometric information, including any data regardless of the manner in which it is converted or stored, unless they first:

a.  inform that person in writing that biometric identifiers or biometric information will be collected or stored;

b.  inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

c.  receive a written release from the person for the collection of their biometric identifiers or biometric information.

3

FILED DATE: 12/16/2021 5:55 PM   2021CH06319

740 ILCS 14/15(b)(1)-(3).

8.    Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing or disseminating the same to third parties without informed consent. 740 ILCS 14/15(c)&(d).

9.    Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his biometric privacy rights under BIPA.

10.    Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or the electronic equivalent.

11.    BIPA's requirements bestow upon consumers a right to privacy in their biometrics and a right to make an *informed* decision when electing to provide or withhold his/her most sensitive information and on what terms.

12.    BIPA's statutory scheme requires that private entities like Defendant make specific disclosures to consumers *prior to* collecting their biometrics, which allows consumers the opportunity to make an *informed* choice when choosing to provide their biometrics. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, and use biometrics and creates a private right of action for lack of statutory compliance.

13.    Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards Illinois citizens' statutorily protected privacy rights and unlawfully collects, stores, disseminates and uses individuals' biometrics through its invasive facial recognition program.

4

FILED DATE: 12/16/2021 5:55 PM    2021CH06319

14.     Defendant collects the facial geometry of its clients' customers in Illinois without first obtaining those individuals' informed written consent and informing them how long it intends to keep such biometric data, as required by BIPA.

15.     Defendant's conduct is particularly unsettling considering the fact that this extremely sensitive biometric data is also associated with consumers' government-issued identification documents. Despite the sensitive nature of such data, and despite the passage of BIPA over a decade ago, Defendant wholly avoids any costs associated with implementing its biometric identity and age verification system in compliance with the law.

16.     The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when, like in this case, a person's biometric information is also associated with government issued or other photo identification.

17.     Accordingly, Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, using, and disclosing his biometrics, and those of hundreds of other consumers throughout the state of Illinois.

18.     On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees

5

FILED DATE: 12/16/2021 5:55 PM    2021CH06319

## PARTIES

19.     Defendant Mitek Systems, Inc. is a Delaware corporation that conducts and transacts business throughout the state of Illinois and knowingly transacts with Illinois residents.

20.     At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois.

## JURISDICTION AND VENUE

21.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

22.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and thus resides there under § 2-102, and because the biometric transaction out of which this cause of action arises occurred in Cook County.

## FACTUAL BACKGROUND

23.     Defendant is one of the largest developers of online identity verification services, and offers its verification services, which include a biometric verification component, to various clients who require automated identity verification technologies implemented into their services. Defendant integrates its identify verification service with its clients' websites in order to collect information (including biometric data) directly from its clients' customers.

24.     Defendant openly acknowledges that it uses "[t]op performing comparison algorithms (NIST FRVT), proven for demographical balance iBeta certified, passive liveness detection."[1]

---

[1] https://www.miteksystems.com/identity-verification <last accessed December 14, 2021>.

6

FILED DATE: 12/16/2021 5:55 PM   2021CH06319

25.     In or about December 2021, Plaintiff decided to register with one of Defendant's clients, HyreCar, a car rental company which requires a fast onboarding process or identity and age verification with significant operations in Illinois. Plaintiff accessed the HyreCar app in Illinois.

26.     Immediately after signing up with his email address, Plaintiff was re-directed to Defendant's photo ID verification portal, where he was required to take and upload his Illinois Driver's License and then take a "selfie" photograph.

27.     Using its proprietary facial recognition and matching technology, Defendant then collected, stored, and analyzed Plaintiff's facial geometry in order to compare his face with the photograph on his Illinois Driver's License, and thus verify his age and identity.

28.     On information and belief, Defendant then disclosed and/or disseminated Plaintiff's biometric data to third parties for data storage purposes in order to facilitate future transactions, but failed to obtain his consent to do so as required by 740 ILCS 14/15(d).

29.     Prior to taking Plaintiff's biometrics, Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of his biometrics as required by 740 ILCS 14/15(b).

30.     Defendant also unlawfully profited from the facial biometrics it obtained from its clients, including Plaintiffs and the other Class members, as Defendant was paid by its clients for its use of its Face API software to verify consumers' facial biometrics through its technology in violation of 740 ILCS 14/15(c).

31.     To this day, Plaintiff is unaware of the status of his biometrics obtained by Defendant.

32.     Defendant also unlawfully profited from the facial biometrics it obtained from consumers, including Plaintiffs and the other Class members, as, on information and belief, is paid

FILED DATE: 12/16/2021 5:55 PM 2021CH06319

by its clients for access to Defendant's facial recognition and matching platform on a per-biometric-transaction basis in violation of 740 ILCS 14/15(c).

33.  By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

## CLASS ALLEGATIONS

34.  Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant or its technology within the state of Illinois any time within the applicable limitations period.

35.  Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

36.  Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

37.  Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

FILED DATE: 12/16/2021 5:55 PM   2021CH06319

38.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a.  Whether Defendant collects, captures, stores, uses, or disseminates the biometrics of the members of the Class;

    b.  Whether Defendant obtained a written release from the members of the Class before capturing, collecting, or otherwise obtaining their biometrics;

    c.  Whether Defendant provided a written disclosure to the members of the Class that explains the specific purposes, and the length of time, for which biometrics were being collected, stored, and used before collecting such biometrics;

    d.  Whether Defendant disseminated or disclosed the Class members' biometrics to third parties with their consent;

    e.  Whether Defendant's conduct violates BIPA;

    f.  Whether Defendant's violations of BIPA are willful or reckless;

    g.  Whether Defendant's violations of BIPA are negligent; and

    h.  Whether Plaintiff and other Class members are entitled to damages and injunctive relief.

39.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

FILED DATE: 12/16/2021 5:55 PM   2021CH06319

40.    Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

41.    Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, (On behalf of Plaintiff and the Class)

42.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.    Defendant is a private entity under BIPA.

44.    As described above, Plaintiff and the Class members had their biometric identifiers, in the form of their facial geometry, and/or information or data derived therefrom, i.e. biometric information, collected, captured, received or otherwise obtained by Defendant. *See* 740 ILCS 14/10.

45.    Defendant captured, collected, stored, used, and otherwise obtained Plaintiff's and the Class members' biometrics through its biometric identity verification service without obtaining their informed written consent and without complying with BIPA.

FILED DATE: 12/16/2021 5:55 PM 2021CH06319

46.     Upon information and belief, Defendant disclosed or disseminated the biometric identifiers and/or biometric information of Plaintiff and the Class members to at least one third party for data storage or redundancy purposes without obtaining their written consent to do so.

47.     Plaintiff and the Class members have been aggrieved by Defendant's failures to adhere to the following BIPA requirements, with each such failure constituting a separate and distinct violation of BIPA:

    a.  Defendant failed to inform Plaintiff and the Class members in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

    b.  Defendant failed to inform Plaintiff and the Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    c.  Defendant failed to inform Plaintiff and the Class members in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    d.  Defendant failed to obtain a written release from Plaintiff and the Class members, as required by 740 ILCS 14/15(b)(3); and

    e.  Defendant failed to obtain informed consent to disclose or disseminate the Class members' biometrics, as required by 740 ILCS 14/15(d)(1).

48.     As alleged herein, Defendant also unlawfully profited from the facial biometrics it obtained from its clients, including Plaintiffs and the other Class members, as Defendant was paid by its clients for their use of Defendant's biometric verification platform, with biometrics constituting a necessary element of Defendant's for-profit model. 740 ILCS 14/15(c).

11

FILED DATE: 12/16/2021 5:55 PM   2021CH06319

49.     By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class members' biometrics as described herein, Defendant denied Plaintiff their respective rights to biometric information privacy, as set forth in BIPA.

50.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

51.     Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements, as BIPA has been in existence since 2008, and BIPA's minimally-burdensome compliance regime may be satisfied with a single sheet of paper or a single webpage screen. Alternatively, Defendant negligently failed to comply with BIPA disclosure, consent, and policy posting requirements.

52.     Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a.     Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.     Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.     Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

12

FILED DATE: 12/16/2021 5:55 PM 2021CH06319

d.    Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e.    Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f.    Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.    Awarding pre- and post-judgment interest, as allowable by law; and

h.    Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: December 16, 2020              Respectfully Submitted,

                                      JOSHUA JOHNSON, individually and on behalf of
                                      a class of similarly situated individuals

                              By:     /s/ Andrew T. Heldut
                                      *One of Plaintiff's Attorneys*

Eugene Y. Turin
Timothy P. Kingsbury
Andrew T. Heldut
Colin P. Buscarini
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*