# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON and YVETTE WILLIAMS, individually and on behalf of all similarly situated individuals, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 22-cv-00349<br>)<br>) |
| v. | ) Hon. Ronald A. Guzman<br>) |
| MITEK SYSTEMS, INC., a Delaware corporation, | ) Magistrate Hon. Jeffrey T. Gilbert<br>)<br>) |
| Defendant. | )<br>) |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Joshua Johnson and Yvette Williams ("Plaintiffs"), individually and on behalf of all similarly situated individuals, bring this First Amended Class Action Complaint against Defendant Mitek Systems, Inc. ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiffs allege the following based on personal knowledge as to Plaintiffs' own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiffs' attorneys.

## INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including face scans, voice prints, handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. This case is about an internet-based identity verification technology company capturing, collecting, storing, using and disseminating Plaintiffs' and other consumers' biometric identifiers and/or biometric information without regard to BIPA and the privacy rights that BIPA protects.

3. In an effort to facilitate identity verification for its customers who require swift onboarding solutions, Defendant collects consumers' biometrics in the form of their facial geometry so it can verify their ages and identities.

4. Consumers who seek to purchase and/or use services from Mitek's customers are required to undergo Defendant's identity and age-verification process, which involves uploading a photo ID, such as a driver's license or passport. Defendant then requires a photograph featuring the consumers themselves or requires them to otherwise undergo a scan of their facial geometry, often through their cell phone camera (i.e. a "selfie")



5. Once the photograph is uploaded, Defendant then uses facial recognition technology, which extracts biometric facial geometry templates from the consumers' ID, to compare and match the consumer's face in the photograph to the face appearing on the consumer's photo ID and selfie. This process enables Defendant to conduct both identity verification and age verification on behalf of its clients.

6. Facial geometry is a unique and permanent biometric identifier associated with each individual. The unauthorized handling of such sensitive information exposes consumers to serious and irreversible privacy risks. If for example, a database containing scans of face geometry or other sensitive biometric data is hacked, breached, or otherwise exposed, consumers cannot simply change their biometric identifiers like they could reset a password or cancel a credit card.

7. Recognizing that biometrics present unique security concerns, the Illinois Legislature enacted BIPA specifically to regulate companies that collect and store Illinois citizens' biometrics. BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as facial geometry, or any biometric information, including any data regardless of the manner in which it is converted or stored, unless they first:

    a. inform that person in writing that biometric identifiers or biometric information will be collected or stored;

    b. inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

    c. receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

8. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing or disseminating the same to third parties without informed consent. 740 ILCS 14/15(c)&(d).

9. Plaintiffs bring this action for statutory damages and other remedies as a result of Defendant's conduct in violating their biometric privacy rights under BIPA.

10. Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or the electronic equivalent.

11. BIPA's requirements bestow upon consumers a right to privacy in their biometrics and a right to make an *informed* decision when electing to provide or withhold his/her most sensitive information and on what terms.

12. BIPA's statutory scheme requires that private entities like Defendant make specific disclosures to consumers *prior to* collecting their biometrics, which allows consumers the opportunity to make an *informed* choice when choosing to provide their biometrics. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, and use biometrics and creates a private right of action for lack of statutory compliance.

13. Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards Illinois citizens' statutorily protected privacy rights and unlawfully collects, stores, disseminates and uses individuals' biometrics through its invasive facial recognition program.

14. Defendant collects the facial geometry of its clients' customers in Illinois without first obtaining those individuals' informed written consent and informing them how long it intends to keep such biometric data, as required by BIPA.

15. Defendant's conduct is particularly unsettling considering the fact that this extremely sensitive biometric data is also associated with consumers' government-issued identification documents. Despite the sensitive nature of such data, and despite the passage of BIPA over a decade ago, Defendant wholly avoids any costs associated with implementing its biometric identity and age verification system in compliance with the law.

16. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when, like in this case, a person's biometric information is also associated with government issued or other photo identification.

17. Accordingly, Plaintiffs bring this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, using, and disclosing their biometrics, and those of thousands of other consumers throughout the state of Illinois.

18. On behalf of themselves and the proposed Class defined below, Plaintiffs seek an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees

**PARTIES**

19. Defendant Mitek Systems, Inc. is a Delaware corporation that conducts transacts business throughout Illinois and knowingly transacts with Illinois residents.

20. Plaintiff Johnson is a natural person and resident of Illinois.

21. Plaintiff Williams is a natural person and resident of Illinois.

**JURISDICTION AND VENUE**

22. This Court may assert subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq*., because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection 1332(d) apply.

23. This Court may assert personal jurisdiction over Defendant, because Defendant is knowingly doing business within this State and knowingly transacts business within this State such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiffs' claims arise out of Defendant's unlawful in-state actions when Defendant obtained biometric data in Illinois from Illinois residents, including Plaintiffs.

**FACTUAL BACKGROUND**

24. Defendant is one of the largest developers of online identity verification services, and offers its verification services, which include a biometric verification component, to various clients who require automated identity verification technologies implemented into their services. Defendant integrates its identify verification service with its clients' websites in order to collect information (including biometric data) directly from its clients' customers.

25. Defendant openly acknowledges that it uses "[t]op performing [biometric] comparison algorithms (NIST FRVT), proven for demographical balance iBeta certified, passive liveness detection."[1]

26. In or about December 2021, Plaintiff Johnson decided to register with one of Defendant's clients, HyreCar, a car rental company which requires a fast onboarding process and identity and age verification with significant operations in Illinois. Plaintiff Johnson accessed the HyreCar app in Illinois.

27. In or about July 2022, Plaintiff Williams decided to register with HyreCar. Plaintiff Williams accessed the HyreCar app in Illinois as well.

28. Immediately after signing up with HyreCar and providing their email addresses, Plaintiffs were re-directed to Defendant's photo ID verification portal, where they were required to take and upload their Illinois Driver's License and then take a "selfie" photograph.

29. Using its proprietary facial recognition and matching technology, Defendant then collected, stored, and analyzed Plaintiffs' facial geometry in order to compare their faces with the photographs on their Illinois Driver's Licenses, and thus verify their age and identity.

30. Defendant then disclosed and/or disseminated Plaintiffs' biometric data to third parties, including, on information and belief, to Amazon Web Services, for data storage purposes in order to facilitate future transactions, but failed to obtain their consent to do so as required by 740 ILCS 14/15(d).

31. Prior to taking Plaintiffs' biometrics, Defendant did not seek, and Plaintiffs never provided, any written consent relating to the collection, capture, storage, or use of their biometrics as required by 740 ILCS 14/15(b).

---

[1] https://www.miteksystems.com/identity-verification <last accessed March 10, 2023>.

32. Defendant also unlawfully profited from the facial biometrics it obtained from consumers, including Plaintiffs and the other Class members, as, on information and belief, is paid by its clients for access to Defendant's facial recognition and matching platform on a per-biometric-transaction basis in violation of 740 ILCS 14/15(c).

33. To this day, Plaintiffs are unaware of the status of their biometrics obtained by Defendant.

34. By failing to comply with BIPA, Defendant has violated Plaintiffs' substantive state rights to biometric information privacy.

## CLASS ALLEGATIONS

35. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiffs bring this action on their own behalf and on behalf of a class (the "Class") defined as follows:

> Class: All individuals whose facial biometric identifiers or biometric information were captured, collected, or otherwise obtained by Mitek Systems, Inc. for purposes of identity verification while located in Illinois since December 16, 2016.

36. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

37. Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through Defendant's records.

38. Plaintiffs' claims are typical of the claims of the members of the Class they seek to represent, because the factual and legal bases of Defendant's liability to Plaintiffs and the other members are the same, and because Defendant's conduct has resulted in similar injuries to

Plaintiffs and to the Class. As alleged herein, Plaintiffs and the Class have all suffered damages as a result of Defendant's BIPA violations.

39. There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendant collects, captures, stores, uses, or disseminates the biometrics of the members of the Class;

    b. Whether Defendant obtained a written release from the members of the Class before capturing, collecting, or otherwise obtaining their biometrics;

    c. Whether Defendant provided a written disclosure to the members of the Class that explains the specific purposes, and the length of time, for which biometrics were being collected, stored, and used before collecting such biometrics;

    d. Whether Defendant disseminated or disclosed the Class members' biometrics to third parties with their consent;

    e. Whether Defendant's conduct violates BIPA;

    f. Whether Defendant's violations of BIPA are willful or reckless;

    g. Whether Defendant's violations of BIPA are negligent; and

    h. Whether Plaintiffs and other Class members are entitled to damages and injunctive relief.

40. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or

piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

41. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class they seek to represent. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

42. Defendant has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.,**
**(On behalf of Plaintiffs and the Class)**

43. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

44. Defendant is a private entity under BIPA.

45. As described above, Plaintiffs and the Class members had their biometric identifiers, in the form of their facial geometry, and/or information or data derived therefrom, i.e. biometric information, collected, captured, received or otherwise obtained by Defendant. *See* 740 ILCS 14/10.

46. Defendant captured, collected, stored, used, and otherwise obtained Plaintiffs' and the Class members' biometrics through its biometric identity verification service without obtaining their informed written consent and without complying with BIPA.

47. Upon information and belief, Defendant disclosed or disseminated the biometric identifiers and/or biometric information of Plaintiffs and the Class members to at least one third party for data storage or redundancy purposes without obtaining their written consent to do so.

48. Plaintiffs and the Class members have been aggrieved by Defendant's failures to adhere to the following BIPA requirements, with each such failure constituting a separate and distinct violation of BIPA:

   a. Defendant failed to inform Plaintiffs and the Class members in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

   b. Defendant failed to inform Plaintiffs and the Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   c. Defendant failed to inform Plaintiffs and the Class members in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   d. Defendant failed to obtain a written release from Plaintiffs and the Class members, as required by 740 ILCS 14/15(b)(3); and

   e. Defendant failed to obtain informed consent to disclose or disseminate the Class members' biometrics, as required by 740 ILCS 14/15(d)(1).

49. As alleged herein, Defendant also unlawfully profited from the facial biometrics it obtained from its clients, including Plaintiffs and the other Class members, as Defendant was paid by its clients on a per-biometric-verification basis, with biometrics constituting a necessary element of Defendant's for-profit model. 740 ILCS 14/15(c).

50. By capturing, collecting, storing, using, and disseminating Plaintiffs' and the Class members' biometrics as described herein, Defendant denied Plaintiffs their respective rights to biometric information privacy, as set forth in BIPA.

51. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

52. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements, as BIPA has been in existence since 2008, and BIPA's minimally-burdensome compliance regime may be satisfied with a single sheet of paper or a single webpage screen. Alternatively, Defendant negligently failed to comply with BIPA disclosure, consent, and policy posting requirements.

53. Accordingly, with respect to Count I, Plaintiffs, on behalf of themselves and the proposed Class, pray for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed Class, respectfully requests that this Court enter an Order:

   a. Certifying the Class as defined above, appointing Plaintiffs as class representatives and the undersigned as class counsel;

   b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

   c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Dated: March 10, 2023

Respectfully Submitted,

JOSHUA JOHNSON and YVETTE WILLIAMS, individually and on behalf of similarly situated individuals

By: /s/ Timothy P. Kingsbury
*One of Plaintiffs' Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*